## Knoxville Land Improvement Co. *v.* Brophy, Appellant.

*Practice, Superior Court—Appeals—Assignments of error.*

Assignments of error which do not conform to the rules of the Superior Court cannot be considered on appeal. Where the appellant appears in propria persona, and presents his appeal in a manner contrary to the prescribed practice, the appellate court cannot review a number of assignments in the light of the record before it.

62, (1919).]     Syllabus—Opinion of Court below.

*Promissory notes—Collateral security—Sale of collateral—Case for jury.*

In an action on a promissory note secured by collateral, the case is for the jury and a verdict for the plaintiff will be sustained, where the facts in dispute are whether or not certain payments had been made on account, and whether or not the matter had already been adjudicated in another suit, the record of which was not before the court.

Argued May 1, 1919.   Appeal, No. 131, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 2378, on verdict for plaintiff in issue framed with Knoxville Land Improvement Company, as plaintiff, and J. J. Brophy, as defendant.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Interpleader awarded on petition and answer to determine ownership of money paid into court.   Before REID, J.

The jury rendered a verdict in favor of the plaintiff. Defendant appealed.

The facts appear by the following opinion of REID, J., refusing motion of defendant for judgment n. o. v.:

This is a motion on behalf of defendant for judgment n. o. v.   No motion was made for a new trial.

The proceeding is a feigned issue awarded by the court to determine the title to a fund paid into court under interpleader petition and answers, in an action at No. 2378, July Term, 1917, of this court, in which the defendant in this issue was plaintiff and W. E. Best, defendant.

In 1907 defendant in this issue being indebted to the plaintiff, Knoxville Land Improvement Company, executed and delivered to it two notes, each dated May 28, 1907, for $680.46—one being a demand collateral note, not under seal, the other a judgment note, under seal, and representing the same indebtedness.   Defendant attached to the demand note and delivered to plaintiff as collateral to secure payment a certificate of stock for

5,600 shares of Mineral Hill Consolidated Copper Company, which from then on until June 11, 1917, remained in the custody and control of the plaintiff.   On that date the treasurer of the Knoxville Land Improvement Company delivered the notes and the certificate of stock to W. E. Best with instructions to sell the stock and apply the proceeds to the payment of the notes.   On June 12th defendant in writing authorized W. E. Best to sell the stock and to pay the Knoxville Land Improvement Company not over $800, out of the proceeds, in full payment of the notes referred to.   On the following day the Knoxville Land Improvement Company, by a formal writing, authorized Mr. Best to make sale of the stock and directed the payment to the defendant of all the proceeds realized over the sum of $800.   Mr. Best promptly forwarded the stock to New York for sale, attached to a three days' sight draft.   On June 16th, defendant by a formal written notice addressed to Mr. Best rescinded his previous authority to pay over the sum of $800 and demanded the payment to himself of the entire proceeds less necessary expense of sale.   He did not cancel the authority to sell. On June 18th Mr. Best received the proceeds of the sale, amounting to $1,680 and on June 29th the defendant brought  suit against Mr. Best to recover the entire amount.   The Knoxville Land Improvement Company promptly made formal demand on Mr. Best for the amount in his hands, and the latter on July 15th presented his petition praying for a rule upon the claimants named to interplead, averring that he was a mere stakeholder, and praying to be permitted to pay into court the amount of money in his hands.   Answers were filed, and the court made an order directing such interpleader, awarded an issue to try the question of title to the fund, and directed the payment into court of the amount in controversy.

Defendant in his brief now contends that this order was made against his protests and that he was not properly heard upon the matter, but it is apparent from an

inspection of the petition and the answers that the order was properly made after all the facts were fully presented, and that no injustice was done him.

The defendant personally presented his petition after the making of the original order, praying that the court amend it by making him defendant in the issue instead of plaintiff as at first directed and by making the Knoxville Land Improvement Company the plaintiff, which was done. Thereafter the parties filed their respective pleadings, the defendant fully setting forth his defense to the plaintiff's claim, including matters of fact and of law, among others, the averment that the matters in controversy had been adjudicated in the trial of a cause in which he was plaintiff and the Knoxville Land Improvement Company, defendant, at No. 70, May Term, 1910, Common Pleas of Allegheny County, that $250 had been paid in cash at one time on account of the notes, and at sundry other times other sums aggregating $300.

The issue between the parties was thus presented, and upon the trial defendant in addition to the defense of the statute of limitations and the matter of the former adjudication also testified to the fact of several partial payments on account, which, in turn, were controverted by the testimony of the plaintiff's witnesses, thus presenting a clear issue of fact which could be determined only by a jury.

This fully appears by reference to the transcript. The jury were specifically instructed that if they believed the testimony of defendant, he would be entitled to a credit for the amount which they must determine he had paid on account.

We might rest the matter of the motion n. o. v. entirely upon the foregoing, as it is clear that if there were any facts for the determination of a jury the court could not have given binding instructions. Especially should the court hesitate to take from the jury the matters explicitly referred to it under the order directing a feigned issue, unless it clearly appear that the issue was improperly

granted and that the facts adduced by plaintiff were insufficient in law to warrant a submission to the jury of the matters involved.

Defendant, who appears in propria persona, is not a member of the bar, and labors under the disadvantage of not distinguishing in his brief between matters proper for consideration on a motion for a new trial and on motion for judgment n. o. v. Thus he urges against the court matters which, if true, might warrant a new trial but which cannot aid him in obtaining judgment on the whole record.

He complains that in charging the jury, "the court was partial to the plaintiff, unfair and unjust, and the charge to the jury was contrary to the law and the evidence, in that the court clearly instructed the jury to return a verdict contrary to law."

An examination of the charge of the court will disprove this allegation.

The matter of the statute of limitations was ruled against the defendant on the authority of Hartranft's Est., 153 Pa. 530.

The plea of res adjudicata sought to be interposed by presenting a portion of the testimony in the case at No. 70, May Term, 1910, in which the notes in question here were identified and referred to, could not be permitted, as the whole record was not offered and there was nothing by which it could be determined whether as a matter of fact the indebtedness on these notes was submitted to the jury or referred to by the court for their consideration. Moreover, by defendant's own statement at the trial of this case, it appeared that the case referred to is yet pending and undetermined, no final judgment having been entered upon the verdict.

The action at No. 70, May Term, 1910, was an action ex delicto, in which, if the ordinary rule was adhered to, it would not have been permissible to offer claims arising ex contractu against the plaintiff's demand then, and

the court held that it would not assume that the rule in question had been disregarded.

Complaint is made as to the form of the verdict; but even if it was irregular, no harm was thereby done the defendant.

The question as to the form was discussed at page 86 of transcript. The jury was instructed that if they found that the defendant owed plaintiff nothing, their verdict would be for the defendant, which would entitle him to the fund; that if there had been partial payments, their verdict would be for the balance due the plaintiff, specifying it; and finally, that if the Knoxville Land Improvement Company was entitled to all the fund (the money in court being somewhat less than the full amount of its claim), the verdict would be for the plaintiff. That the form of the verdict was proper will appear by reference to King Optical Company v. Royal Insurance Company, 24 Pa. 532.

The motion for judgment n. o. v. must be refused.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*J. J. Brophy,* appellant in propria persona.

*James S. Crawford,* of *Patterson, Crawford, Miller & Arensberg,* and with him *James R. Dunn,* for appellee.

PER CURIAM, July 17, 1919:

In the opinion of the court below in banc, it is stated, "The appellant who appears in propria persona is not a member of the bar, and labors under the disadvantage of not distinguishing in his brief between matters proper for consideration on a motion for a new trial and on a motion for judgment non obstante veredicto." The same difficulty is presented on this appeal, in which a very complicated state of facts is presented in a very ingenious manner, but in the light of the record as presented

Opinion of the Court.    [72 Pa. Superior Ct.

we cannot consider a number of the assignments of error. After an examination of the whole record we are convinced that the defense was fairly and rightfully presented to the jury, under a proper issue. For the reasons given by the court below in refusing the motion for judgment non obstante veredicto, the judgment is affirmed.